# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## RICKY NORTHERN v. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 08-02-0325   Joseph H. Walker, III, Judge**

---

**No. W2008-01321-CCA-R3-HC  - Filed January 23, 2009**

---

The petitioner, Ricky Northern, appeals the trial court's denial of his petition for habeas corpus relief.  This is the petitioner's second attempt to secure habeas corpus relief.  The State has filed a motion requesting that this court affirm the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.  After review, we conclude that the petitioner has failed to allege any ground which would render the judgment of conviction void.  We grant the State's motion and affirm the judgment of the trial court in accordance with Rule 20.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ.  joined.

Ricky Northern, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter, and Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

The petitioner, Ricky Northern, pled guilty to second degree murder, a Class A felony, in the Criminal Court for Davidson County.  He was sentenced to twenty years in the Department of Correction.  He sought habeas corpus relief in the Circuit Court for Hardeman County.  His petition for relief was summarily denied by the trial court, a decision which was upheld by this court on appeal. *Ricky Northern v. Stephen Dotson*, No. W2005-02165-CCA-R3-HC, 2006 Tenn. Crim. App. LEXIS 252, at *6 (Tenn. Crim. App. March 23, 2006).  He has now filed a second petition for habeas corpus relief, which was also summarily denied by the trial court.

The State has filed a motion requesting that this court affirm the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.  When an opinion would have no precedential value,

the appellate court can affirm the judgment or action of the trial court by memorandum opinion when the judgment was rendered or the action was taken in a proceeding without a jury and such judgment or action was not a determination of guilt and the evidence does not preponderate against the finding of the trial judge. Tenn. R. Ct. Crim. App. 20.

In Tennessee, the grounds upon which habeas corpus petitions are granted are narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A trial court may summarily dismiss a petition for writ of habeas corpus relief without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

On appeal, the petitioner argues that Tennessee's 1989 Sentencing Act is unconstitutional pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007), and *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007), and that his sentences are illegal because they exceed the statutory minimum. This was the same argument raised by the petitioner in his initial habeas corpus petition. This court affirmed the dismissal of the petitioner's initial application for habeas corpus relief on the grounds that he failed to allege a cognizable habeas corpus claim, stating:

> The crux of the Petitioner's claim is that the decision in *Blakely v. Washington* has rendered his sentence void and that the sentence imposed by the trial court was illegal as it exceeded the statutory maximum sentence permitted for the offense. (Footnote omitted). Such a claim does not entitle the Petitioner to habeas corpus relief. Any claim that his sentence was enhanced in violation of his right to a jury trial would render the judgment voidable, not void. (Citations omitted). Thus, the Petitioner's claim is not cognizable in a habeas corpus proceeding. (Footnote omitted).

*Ricky Northern*, 2006 Tenn. Crim. App. LEXIS, at **4-5. As the petitioner is now asserting the same claim, we must likewise conclude that he has again failed to state a claim which is cognizable in a habeas corpus proceeding.

The petitioner further argues that the trial court erred in summarily dismissing his petition for relief without a hearing or appointment of counsel. However, as previously stated, the trial court may dismiss a petition for writ of habeas corpus relief without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Hickman*, 153 S.W.3d at 20. Accordingly, the court did not err by dismissing the petition without the appointment of counsel.

Based upon the foregoing, we conclude that the trial court properly determined that the petitioner was not entitled to habeas corpus relief and properly dismissed the petition without appointment of counsel or a hearing. The State's motion is granted, and the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE